IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RORY ELLIOT ASHBY,

  Petitioner,

v.

WARDEN,

  Respondent.

Civil Action No.:  BAH-24-1663

**MEMORANDUM OPINION**

Petitioner Rory Elliot Ashby, a federal inmate, filed his petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking application of First Step Act ("FSA") credits to his sentence. ECF 1. Respondent, the Warden of the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"), filed a motion to dismiss the petition, and Ashby filed a response in opposition to the motion. ECF 6; ECF 9. Having reviewed the relevant documents, the Court finds that no hearing is necessary. Rules 1(b), 8, *Rules Governing Section 2254 Cases in the United States District Courts*; D. Md. Local R. 105.6 (2025). For the reasons set forth below, the Court will grant Respondent's motion to dismiss.

**I.    BACKGROUND**

Ashby is serving an 84-month term of imprisonment after being convicted in the Western District of Pennsylvania of being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g) and possession with intent to distribute 40 grams or more of a mixture and substance containing a

detectable amount of fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi).  ECF 1-1, at 3.[1]

Ashby asserts that the Bureau of Prisons ("BOP") misinterpreted the FSA when it found him ineligible to earn time credits to be applied to his sentence due to his conviction for possession with intent to distribute fentanyl.  ECF 1-1, at 4.  Specifically, Ashby contends that only those convictions under 21 U.S.C. § 841 "for which death or serious bodily injury resulted from use of the substance" are ineligible for application of FSA credits.  *Id*. at 7.  Ashby argues that because his case did not involve any death or serious bodily injury, he is eligible to earn FSA credits.  *Id*.  Ashby does not provide any discernable basis for his reading of the referenced statutes.

Respondent filed a motion to dismiss the petition, arguing that Ashby is statutorily ineligible to earn and apply FSA credits due to his conviction for possession with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi).  ECF 6, at 2.  Alternatively, Respondent

---

[1] Respondent attached a copy of Ashby's judgment in his underlying criminal case to their motion to dismiss.  *See* ECF 6-1, at 3.  Under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment.  *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).  In particular, a court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits . . . ."  *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016)(citations omitted); *see also U.S. ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).  Petitioner references his conviction in his own petition, *see* ECF 1-1, at 3, and he does not contest the authenticity of the judgment, which appears to come straight from the case management system of the United States District Court for the Western District of Pennsylvania.  *See* ECF 9, at 6–7 (stating that "Mr. Ashby was convicted . . . of violating 21 U.S.C. § 922(g) and 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vi) – Possession with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl").  As such, the Court will consider the judgment as it decides the motion to dismiss.

argues that Ashby's due process rights have not been violated because he does not have a liberty interest in the opportunity to earn or apply FSA time credits. *Id.*

## II.    STANDARDS OF REVIEW

"The Federal Rules of Civil Procedure . . . to the extent that they are not inconsistent with statutory provisions or [the Rules Governing Section 2254 Cases], may be applied" to habeas corpus proceedings. Rule 12, *Rules Governing § 2254 Cases in the U.S. Dist. Cts.*; *see also* Rule 1(b), *Rules Governing § 2254 Cases in the U.S. Dist. Cts.* Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate where the complaint "fail[s] to state a claim upon which relief can be granted." In deciding a motion to dismiss, the Court "accept[s] all factual allegations as true and draw[s] all reasonable inferences in favor of the plaintiff [or petitioner]." *Washington v. Hous. Auth. of the City of Columbia*, 58 F.4th 170, 177 (4th Cir. 2023) (citing *Singer v. Reali*, 883 F.3d 425, 437 (4th Cir. 2018)).

"To survive a motion to dismiss, a complaint [or petition] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a)(2) (noting that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief"). "The complaint [or petition] must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). At the same time, a "complaint [or petition] will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

### III. DISCUSSION

#### A. Challenges to Time Credit

Only the Attorney General, acting through the BOP, may administer a federal inmate's sentence. *See* 18 U.S.C. § 3621; *United States v. Wilson*, 503 U.S. 329, 335 (1992). This includes determining where an inmate serves his sentence as well as time credit. *See* 18 U.S.C. § 3621(b); *Wilson*, 503 U.S. at 335. "A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself." *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989). Such challenges must be brought in a petition for habeas corpus relief under 28 U.S.C. § 2241 in a prisoner's district of confinement. *Id.*; *Fontanez v. O'Brien*, 807 F.3d 84, 87 (4th Cir. 2015) (recognizing "attacks on the execution of a sentence are properly raised in a § 2241 petition") (internal quotation and citation omitted).

#### B. The First Step Act

The FSA governs the calculation of federal prison sentences. Section 102(b) of the FSA, codified at 18 U.S.C. § 3624(b), allows federal inmates to earn additional good time credits. *See* P.L. 115-391, § 102(b)(1). The FSA allows the BOP to award inmates a maximum of 54 days of good time credits per year of their imposed sentence rather than 54 days of credit per year of their sentence served. *See Pizarro v. White*, 2019 WL 1922437, at *1 (M.D. Pa. Apr. 30, 2019).

The FSA was enacted on December 21, 2018. *See* 18 U.S.C. § 3632. The Attorney General was charged with developing and releasing a Risk and Needs Assessment System ("the System"). *Id.* The System is for: (1) determining an inmate's risk of recidivism; (2) assessing an inmate's risk of violence or serious misconduct; (3) determining the type and amount of evidence-based recidivism reduction programming ("EBRRs") appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (5) reassigning an inmate to appropriate EBRRs and

productive activities ("PAs") as needed; (6) determining when to provide incentives and rewards for successful participation in EBRRs and PAs; and (7) determining when the inmate is ready to transfer to pre-release custody or supervised release. *See id*. § 3632(a). Further, the System provides guidance on the "type, amount, and intensity of EBRR programs and PAs to be assigned to each inmate based on the inmate's specific criminogenic needs." *Kurti v. White*, No. 1:19-cv-2109, 2020 WL 2063871, at *4 (M.D. Pa. Apr. 29, 2020) (citing 18 U.S.C. § 3632(b)).

The FSA allows eligible inmates who successfully complete EBRRs or PAs to receive credits to be applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A). To be eligible to earn FSA credits, inmates must not have a conviction for a disqualifying offense. *See* 18 U.S.C. § 3632(d)(4)(D). Relevant here, a "prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction" under "Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 3632(d)(4)(D)(xxii).

If eligible, an inmate may earn ten days of credit for every thirty days of successful participation in EBRRs or PAs. *See* 18 U.S.C. § 3632(d)(4)(A). Additionally, eligible inmates who have been assessed at a minimum or low risk of recidivism and maintain their low risk of recidivism over two consecutive assessments may earn an additional five days of time credit for every thirty days of successful participation. *See id.*

On July 19, 2019, the System was released for use throughout the BOP in compliance with the timeline set in the FSA. *See Holt v. Warden,* 539 F. Supp. 3d 1005, 1010 (D.S.D. 2021). Thereafter, within 180 days, the BOP was to implement and complete an initial intake risk and needs assessment for each prisoner. 18 U.S.C. § 3621(h)(1)(A). On January 15, 2020, the BOP announced that all inmates had been screened using the System, known as the Prisoner Assessment

Tool Targeting Estimated Risk and Needs ("PATTERN"). *Holt*, 539 F. Supp. 3d at 1010. The implementation phase of the FSA, a two-year phase-in period for providing EBRRs and PAs, commenced after all inmates had been screened. 18 U.S.C. §§ 3621(h)(2)–(3). During the phase-in period, the BOP had until January 15, 2022, to provide EBRRs and PAs to all inmates. *Id.* at § 3621(h)(2).

On January 19, 2022, the BOP published and codified its "procedures regarding the earning and application of Time Credits as authorized by the First Step Act of 2018" (the "January Final Rule"). *See* FSA Time Credits, 87 Fed. Reg. 2705 (Jan. 19, 2022) (codified at 28 C.F.R. pt. 523). Particularly relevant to Ashby's case, the BOP procedures follow the requirements articulated in 18 U.S.C. § 3632(d)(4)(D), which establishes that inmates who are serving time for certain convictions are ineligible to earn time credits under the FSA, including convictions "relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide,[2] or any analogue thereof." 18 U.S.C. § 3632(d)(4)(D)(lxvi). Following the opportunity for notice and comment, the BOP clarified that:

> 18 U.S.C. § 3632(d)(4)(D) describes inmates that are "ineligible to receive time credits" under subchapter D (the Risk and Needs Assessment System) if serving a term of imprisonment for conviction under any of the provisions listed therein. *It is outside the Bureau's authority to alter the exclusions as stated in the FSA . . . Statutory exclusions may only be amended by Congress*.

87 Fed. Reg. 2713 (emphasis added). The BOP codified its procedures at 28 C.F.R. § 523.41(d), which states that "[a]ny inmate sentenced to a term of imprisonment pursuant to a conviction for a Federal criminal offense, or any person in the custody of the Bureau, is eligible to earn FSA time

---

[2] N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide is the chemical compound otherwise known as fentanyl. *See* https://pubchem.ncbi.nlm.nih.gov/compound/11676056 (last visited August 27, 2025).

credits, subject to the exception described in paragraph (d)(2) of this section." Section 523.41(d)(2) explains that if the "inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. 3632(d)(4)(D)," which includes sentences imposed for possession with intent to distribute fentanyl, "the inmate is not eligible to earn FSA time credits." *Id.*; *see also* § 3632(d)(4)(D)(lxvi).

On November 18, 2022, the BOP published BOP Program Statement 5410.01, First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d). *See* BOP Program Statement 5410.01. This Program Statement implements the January Final Rule, and further clarifies the BOP's procedures for awarding and applying credits under the FSA. *Id.* Relevant here, the BOP again confirmed that inmates serving certain offenses enumerated in the FSA are ineligible to receive ETCs. *See id.* at 6–7.

### C. Entitlement to FSA Credits

Prior to *Loper Bright Enterprises v. Raimondo*, 693 U.S. 369 (2024), "[i]f Congress has explicitly left a gap for the agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation" and the agency's interpretation was given deference. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843-44 (1984). The *Chevron* Court noted that it had "long recognized that considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer, and the principle of deference to administrative interpretations." *Id*. at 844. Under *Chevron*, this Court's role in cases where a statute is ambiguous was to examine whether the administrative agency's implementation of the statute through regulations is a reasonable one. *Id*. at 845.

The Court in *Loper Bright* overturned *Chevron* and changed this Court's role in reviewing

an administrative agency's implementation of a statute. The BOP is such an agency. Under *Loper Bright* courts need not, and under the Administrative Procedure Act ("APA") may not, defer to an agency's interpretation of the law simply because a statute is ambiguous. 603 U.S. at 391–94. Pivotal in the analysis, and relevant here, is that the challenge raised must pertain to a regulation put into place by the administrative agency which is being challenged under the APA. *Id*. Further, there must be some ambiguity in the statute the agency administers that conceivably calls into question the validity of the regulation challenged.

The statute in question here unambiguously establishes that inmates who are serving time for a conviction for possession with intent to distribute fentanyl are ineligible to earn time credits under the FSA. Thus, to the extent Ashby takes issues with his eligibility for time credits under the FSA, he challenges the statutes and not the regulations. Congress set forth five circumstances in 18 U.S.C. § 3632(d)(4)(D) in which inmates serving a sentence for conviction under the Controlled Substances Act, 21 U.S.C. § 841, are ineligible for ETCs. 18 U.S.C. § 3632(d)(4)(D). Relevant here, subsection (lxvi) of § 3632(d)(4)(D) disqualifies inmates serving a sentence for a conviction under:

> Subparagraph (A)(vi) or (B)(vi) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. § 841(b)(1)) or paragraph (1)(F) or (2)(F) of section 1010(b) of the Controlled Substances Import and Export Act (21 U.S.C. § 960(b)), relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, or any analogue thereof.

Ashby, who pleaded guilty to possession with intent to distribute 40 grams or more of fentanyl in violation of 21 U.S.C. § 841(a)(1), was sentenced pursuant to the penalty provision of the Controlled Substances Act, § 841(b)(1), specifically, subparagraph (B)(vi) which applies to convictions involving "40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide," the chemical name for fentanyl.

The statute unambiguously disqualifies inmates, such as Ashby,[3] who have such a conviction from earning time credits under the FSA which might qualify him for early release. Therefore, he is ineligible to earn such credits or qualified for early release.

## IV. CONCLUSION

For the reasons set forth above, the Court will grant Respondent's motion to dismiss. The petition will be denied and dismissed. A separate Order follows.

__8/29/2025__  
Date

／s／  
Brendan A. Hurson  
United States District Judge

---

[3] Ashby contends that only convictions for controlled substance offenses "for which death or serious bodily injury resulted" are excluded from eligibility for earning time credits under the FSA and that "[t]he fact that he was convicted of a fentanyl offense does not automatically exclude him from receiving the credits." ECF 1-1, at 4. Ashby is correct that a conviction for a controlled substances offenses "for which death or serious bodily injury resulted from the use of such substance" excludes an inmate from earning FSA time credits. 18 U.S.C. § 3632(d)(4)(D)(lviii). However, his conviction for possession with intent to distribute fentanyl also automatically excludes him from eligibility to earn time credits under 18 U.S.C. § 3632(d)(4)(D)(lxvi).